UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MARCOS REYNA-RODRIGUEZ,

      Petitioner,

v.

MARKWAYNE MULLIN, et al.,

      Respondents.

No. 6:26-CV-165-H

## ORDER

Before the Court is Marcos Reyna-Rodriguez's motion for a temporary restraining order and preliminary injunction. Dkt. No. 2. Because the motion improperly requests the ultimate relief sought in his pending habeas petition (Dkt. No. 1) and because he fails to demonstrate a likelihood of success on the merits on his request to not be transferred outside the Northern District of Texas, the motion (Dkt. No. 2) is denied.

### 1. Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

## 2.    Analysis

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Reyna-Rodriguez "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Reyna-Rodriguez's motion seeks two forms of relief: (1) a TRO "directing [the] Respondents to immediately release [him] from custody" or provide an individualized hearing; and (2) "[e]njoin [the] Respondents from transferring [him] outside the jurisdiction of this Court pending resolution of this action." Dkt. No. 2 at 8. The first request for relief

appears identical to the relief sought in his habeas petition. *See* Dkt. No. 1 at 45–46.

Indeed, the arguments supporting his motion "focus on the harms of mandatory detention

without" an individualized hearing. *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430,

at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He

requests that the Court order his immediate release or an individualized hearing in his

motion, Dkt. No. 2 at 8, but the ultimate relief he seeks in his petition is also release from

custody or an individualized hearing, Dkt. No. 1 at 45–46. Because the preliminary relief

sought in the motion improperly seeks the same ultimate relief requested in the petition, the

first claim for relief is denied.

Next, without any legal authority, Reyna-Rodriguez seeks an injunction against his

transfer outside the Northern District of Texas. Dkt. No. 2 at 2, 8. But as the Court

explained in *Gallego Osorio v. Villegas*, he is not entitled to such relief. No. 1:25-CV-293, Dkt.

No. 14 at 7–9 (N.D. Tex. Jan. 6, 2026). If he is concerned that an out-of-district transfer

would divest the Court of jurisdiction, then he is mistaken. "It is well established that

jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it

is not destroyed by a transfer of the petitioner and the accompanying custodial change."

*Smith v. Fleming*, No. 4:02-CV-440, 2002 WL 3111402l, at *2 (N.D. Tex. Sept. 20, 2002)

(citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)); *see also Moler v. Wells*, 18

F.4th 162, 166 n.7 (5th Cir. 2021) (explaining that "venue [is] determined at the outset of

litigation and [is] not affected by subsequent events" (alternations in original and quotation

omitted)).

In any event, the respondents have broad discretion to determine where an alien is

detained, as well as when and whether the alien should be moved. "The Attorney General

shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). "*Courts* should not be micro-managing this issue." *Candido v. Bondi*, No. 25-CV-867, 2025 WL 3123696, at *2 (W.D.N.Y. Nov. 7, 2025) (emphasis in original). Indeed, courts have concluded that they lack jurisdiction to enjoin the government from transferring immigration detainees to other judicial districts, as those decisions are committed to the Attorney General's discretion. *See, e.g.*, *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025) (collecting cases). The Court sees no good reason to deviate from those decisions.

### 3.    Conclusion

Because Reyna-Rodriguez's motion improperly seeks ultimate relief as to his demand for release or an individualized hearing, the motion is improper. And the Court declines Reyna-Rodriguez's request for an injunction preventing his transfer outside this district. Thus, the motion (Dkt. No. 2) is denied. Reyna-Rodriguez's habeas petition (Dkt. No. 1) remains pending.

So ordered on April 24, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE