UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MARCOS REYNA-RODRIGUEZ,

    Petitioner,

v.

MARKWAYNE MULLIN, et al.,

    Respondents.

No. 6:26-CV-165-H

## ORDER

Marcos Reyna-Rodriguez entered the United States as an arriving alien eight years ago. At that time, ICE placed Reyna-Rodriguez into removal proceedings with a Notice to Appear, charging him with removability as an immigrant "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA]." Dkt. No. 1-4 at 1; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). In July 2025, ICE re-detained Reyna-Rodriguez pending the conclusion of his ongoing appeal of his removal order. Dkt. No. 1 ¶ 3. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See id.* Before the Court is Reyna-Rodriguez's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, its implementing regulations, the Fourth Amendment, the Fifth Amendment, the APA, and the *Accardi* doctrine. *Id.* ¶¶ 57–213.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Petitioner's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v.*

*Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 199-1 (5th Cir. July 22, 2026).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on recognizance does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

- Habeas relief is unwarranted for an alleged Fourth Amendment violation. *Saint Paul v. Venturella*, No. 6:26-CV-129, Dkt. No. 19 at 7–8 (N.D. Tex. July 28, 2026); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 6 at 4–5 (N.D. Tex. July 16, 2026).

Reyna-Rodriguez's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because Reyna-Rodriguez is not entitled to relief, the Court denies the petition. Dkt. No. 1.

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

So ordered on August 4, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE